IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALTON COAL DEVELOPMENT, LLC and CATERPILLAR FINANCIAL SERVICES CORPORATION, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br><br> Case No. 2:15-CV-761 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant Alton Coal Development, LLC's ("Alton") Motion for Partial Summary Judgment. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

The case involves an insurance dispute regarding a piece of mining equipment. Plaintiff brought suit seeking, among other things, declaratory judgment as to the parties' rights and responsibilities under an insurance policy. Defendant now seeks partial summary judgment. Plaintiff opposes the Motion.[1]

II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In

---

[1] Plaintiff argues that Defendant's Motion should be denied based on certain procedural defects. Because Defendant's Motion fails on the merits, the Court need not address those deficiencies.

[2] Fed. R. Civ. P. 56(a).

1

considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

III. DISCUSSION

Defendant seeks partial summary judgment on Plaintiff's first and third causes of action based on Plaintiff's alleged failure to comply with Utah Code Ann. § 31A-21-105(5). That provision states:

> If after issuance of a policy the insurer acquires knowledge of sufficient facts to constitute a general defense to all claims under the policy, the defense is only available if the insurer notifies the insured within 60 days after acquiring the knowledge of its intention to defend against a claim if one should arise, or within 120 days if the insurer considers it necessary to secure additional medical information and is actively seeking the information at the end of the 60 days. The insurer and insured may mutually agree to a policy rider in order to continue the policy in force with exceptions or modifications. For purposes of this Subsection (5), an insurer has acquired knowledge only if the information alleged to give rise to the knowledge was disclosed to the insurer or its agent in connection with communications or investigations associated with the insurance policy under which the subject claim arises.

Defendant argues that Plaintiff acquired knowledge of sufficient facts to constitute a general defense no later than March 13, 2015, but failed to notify Defendant until October 22, 2015. Defendant's Motion is premised on statements made by Plaintiff in its opposition to Defendant's motion to compel. In that opposition, Plaintiff states that it "suspected there was a potential misrepresentation in the claim file," that it "was aware of circumstances indicative of

---

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

fraud or misrepresentation by Alton," and that "the objective facts showed that litigation of this claim was likely."[5] Defendant argues that these statements conclusively demonstrate that Plaintiff had acquired knowledge of sufficient facts to constitute a general defense to all claims by March 13, 2015, at the latest. Because Plaintiff did not provide notice by May 12, 2015, Defendant argues that it is entitled to judgment of Plaintiff's first and third causes of action. The Court disagrees.

As set forth above, Plaintiff has stated that there were circumstances indicative of fraud and misrepresentations, that it suspected a potential misrepresentation, and that it anticipated the possibility of litigation. However, suspicions and indications are not sufficient to trigger Plaintiff's obligations under the statute. The statute states, in pertinent part: "If after issuance of a policy the insurer acquires knowledge of sufficient facts to constitute a general defense to all claims under the policy, the defense is only available if the insurer notifies the insured within 60 days after acquiring the knowledge of its intention to defend against a claim if one should arise." Here, there is a dispute as to when Plaintiff acquired the knowledge required to trigger its obligations under the statute.

In response to this Motion, Plaintiff has presented evidence that it did not acquire the requisite facts until after it conducted a series of examinations under oath, which concluded on October 15, 2015.[6] That evidence suggests that only after conducting these examinations did Plaintiff acquire the facts necessary to trigger its obligation under Utah Code Ann. § 31A-21-105. Accordingly, Plaintiff sent Defendant notice under the statute on October 22, 2015, and

---

[5] Docket No. 115, at 5, 14–15.

[6] Docket No. 118 Ex. A ¶¶ 11–13, 16–18; *Id.* Ex. D 115:9–116:20, 218:24–219:2, 286:11–287:3; *Id.* Ex. E at 237:13–239:24.

3

soon thereafter denied coverage. Based upon this evidence, the Court finds that a reasonable jury could conclude that Plaintiff's notice was timely under the statute. Therefore, summary judgment must be denied.[7]

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Partial Summary Judgment (Docket No. 117) is DENIED.

DATED this 17th day of April, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[7] Based on this dispute, the Court need not decide whether Plaintiff's investigation must be complete to trigger the notification procedures under Utah Code Ann. § 31A-21-105. *See PHL Variables Ins. Co. v. Sheldon Hathaway Family Ins. Trust*, 819 F.3d 1283, 1288 (10th Cir. 2016).