IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALTON COAL DEVELOPMENT, LLC and CATERPILLAR FINANCIAL SERVICES CORPORATION, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT <br><br> Case No. 2:15-CV-761 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant Caterpillar Financial Services Corporation's ("Caterpillar") Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

The case involves an insurance dispute regarding certain mining equipment. Plaintiff brought suit seeking, among other things, declaratory judgment as to the parties' rights and responsibilities under an insurance policy. Specifically, Plaintiff alleges that Caterpillar was the manufacturer/seller of the mining equipment and may have incurred substantial expense and loss during the efforts to recover the equipment. Plaintiff named Defendant Caterpillar because Caterpillar is a loss payee under the policy issued by Plaintiff. Plaintiff alleges that Caterpillar is an interested party and was joined "so that it may be heard and bound by any outcome of this

1

action in respect of the Seneca policy."[1] Plaintiff seeks a judicial determination that it "has no duty to make payment to Defendants with respect to the claims asserted."[2]

## II. STANDARDS OF REVIEW

Defendant seeks either judgment on the pleadings under Rule 12(c) or summary judgment under Rule 56.

In deciding a motion for judgment on the pleadings, the Court considers only the pleadings, here Plaintiff's Complaint and Caterpillar's Answer.[3] The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[4] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

---

[1] Docket No. 2, at 3.

[2] *Id.* at 15; *see also id.* at 15–16.

[3] *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

[4] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[10]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[12] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[13]

---

[8] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[11] Fed. R. Civ. P. 56(a).

[12] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[13] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

III. DISCUSSION

Caterpillar first argues that it is entitled to judgment on the pleadings because Plaintiff has failed to state a claim against it. Caterpillar argues that there is no "case or controversy" involving it.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[14] "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III" of the United States Constitution.[15] "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[16]

In this case, Plaintiff seeks a declaration as to the parties' rights and responsibilities under an insurance contract covering certain mining equipment. Plaintiff alleges that Caterpillar was the manufacturer/seller of that equipment, incurred substantial expense and loss in trying to recover the equipment, and is a loss payee under the insurance contract. Plaintiff seeks a declaration that it has no obligation to make payment to Defendants, including Caterpillar. In contrast, Caterpillar asserts that Plaintiff does have a "duty to make payment to or indemnify [Caterpillar] under the Policy" and does have a "duty to make payment to [Caterpillar] with

---

[14] 28 U.S.C. § 2201(a).

[15] *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007).

[16] *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

respect to the claims asserted by Defendant Alton Coal Development, LLC under the Policy."[17]
This dispute is sufficient to state a claim under the Declaratory Judgment Act. The fact that
Caterpillar's claim is contingent on Alton Coal's recovery does not alter this conclusion.[18]

In its Reply, Caterpillar agrees that "Seneca could have alleged a cause of action against
[Caterpillar] seeking a declaration from this Court that Seneca has no obligation to pay
[Caterpillar] under the policy."[19] Caterpillar argues that "Seneca did not do this," but instead
only sought declaratory relief against Alton Coal. This argument ignores the allegations and
relief sought in Plaintiff's Complaint. Plaintiff requests the "Court determine and adjudicate the
rights, duties, and obligations of the parties with respect to the policy of insurance described in
this Complaint."[20] More specifically, Plaintiff seeks a judicial determination that it has "no duty
to make payment to Defendants with respect to the claims asserted."[21]

Caterpillar's concession that Plaintiff could seek a declaration that it has no obligation to
pay Caterpillar under the policy undermines Caterpillar's argument that Plaintiff has failed to
state a claim against it. The Complaint makes clear that Plaintiff is indeed seeking a declaration
that it has no obligation to Caterpillar. Plaintiff seeks a determination that it has no duty to make
payment to Defendants. Caterpillar is a named Defendant. Thus, it follows that Plaintiff is

---

[17] Docket No. 14, at 16. Because this is a Motion for Judgment on the Pleadings, the Court can consider the information contained in Caterpillar's Answer.

[18] *See Md. Cas. Co.*, 312 U.S. at 273–74 (finding an actual controversy between insurer and third party); *see also Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974) ("[W]e have previously supported the view that in an action for declaratory judgment all persons interested in the declaration are 'necessary' parties.").

[19] Docket No. 146, at 3–4.

[20] Docket No. 2, at 15.

[21] *Id.*; *see also id.* at 15–16.

seeking the exact type of declaration Caterpillar admits is permissible under the Declaratory Judgment Act.

The fact that there are minimal allegations against Caterpillar does not alter this conclusion. Indeed, it is unclear what additional allegations could be lodged against Caterpillar. Plaintiff alleges that Caterpillar is the manufacturer/seller of the mining equipment at issue, that it incurred substantial expense and loss seeking to recover the equipment, that it has an interest in this action as a loss payee, and seeks a declaration that it has no obligation to make payment to either Defendant. This is sufficient to survive a motion for judgment on the pleadings.

Caterpillar next argues that it is entitled to summary judgment because it will be bound by the outcome of this action under the doctrine of res judicata/issue preclusion. Because it will be bound by any final judgment entered by the Court on Plaintiff's claims against Alton Coal, Caterpillar argues that Plaintiff's claims against it must be dismissed.

Caterpillar's reliance on claim preclusion fails. Claim preclusion requires, among other things, a final judgment on the merits in an earlier action.[22] Here, there is no such judgment and there is no earlier action. Thus, claim preclusion can play no role in the disposition of this action.

Further, even assuming Caterpillar is correct that claim preclusion would bar future action for recovery under the policy, Caterpillar fails to point to any authority that would suggest it is entitled to summary judgment. Caterpillar seeks entry of judgment in its favor and dismissal of Plaintiff's Complaint against it with prejudice. However, Caterpillar fails to explain how the potential future application of claim preclusion entitles it to such relief. Claim preclusion is an

---

[22] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

affirmative defense that Plaintiff could assert in any future-filed action.[23]  It has not and could not be asserted in the instant action and provides no relief to Caterpillar here.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment (Docket No. 128) is DENIED.

DATED this 21st day of June, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[23] Fed. R. Civ. P. 8(c).